UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARC T. DUCHESNE;<br>JEFFREY A. HAYDEN;<br>GREGORY A. MOFFITT;<br>ROBERT S. PARSLEY; AND<br>NATIONWIDE CAPITAL CORPORATION,<br><br>Defendants. | C.A. No. 1:07-cv-01475 (JDB)<br><br>**FILED**<br>FEB 0 4 2009<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**FINAL JUDGMENT AS TO DEFENDANT MARC T. DUCHESNE**

Final Judgment against defendant Marc T. Duchesne ("Defendant") is entered as follows:

**I.**

**PERMANENT INJUNCTION AGAINST VIOLATIONS OF SECURITIES ACT SECTION 17(a)**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or

omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

### PERMANENT INJUNCTION AGAINST VIOLATIONS OF SECURITIES EXCHANGE ACT SECTION 10(b) AND RULE 10b-5 THEREUNDER

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Marc T. Duchesne ("Defendant") and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

2

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

## PERMANENT INJUNCTION AGAINST AIDING AND ABETTING VIOLATIONS OF EXCHANGE ACT SECTION 15(d) AND RULES THEREUNDER

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], and Rules 15d-11 and 15d-13 promulgated thereunder [17 C.F.R. §§ 240.15d-11and 240.15d-13] by knowingly providing substantial assistance to an issuer that files with the Securities and Exchange Commission current or periodic reports that are inaccurate or misleading.

## IV.

## DISGORGEMENT

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $664,995, representing Defendant's unjust enrichment as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $302,106, for a total of $967,101. Defendant shall satisfy this obligation by paying the $967,101 within ten business days to the Clerk of this Court, together with a cover letter identifying Marc T. Duchesne as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment

and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

**OFFICER AND DIRECTOR BAR**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited permanently from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

**PENNY-STOCK BAR**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## VII.

### RETENTION OF JURISDICTION

The Court retains continuing jurisdiction to enforce the terms of this Final Judgment.

Dated: *February 3, 2009*

UNITED STATES DISTRICT JUDGE